# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

MICHAEL V. HENDRICKS,
        Plaintiff,

    v.                  Case No. 04-C-1043

JO ANNE B. BARNHART,
Commissioner of the Social Security Administration,
        Defendant.

## ORDER

Pro se plaintiff Michael Hendricks again renews his motion for appointment of counsel. I denied his first motion because he did not indicate whether he had sought counsel on his own. I stated that after contacting at least five attorneys without success plaintiff could file another motion, in which he should discuss his own competency to proceed without a lawyer and the complexity of the legal issues.

Plaintiff renewed the motion, attaching letters he sent to various lawyers. However, because he did not indicate whether he had contacted these lawyers to schedule an appointment, or what sort of response, if any, he received, I again denied the motion without prejudice.

Plaintiff has now filed another request, in which he indicates that none of the lawyers he contacted responded. Thus, I find that plaintiff has made a reasonable effort to retain counsel himself. I therefore will consider whether, given the difficulty of the case, plaintiff appears competent to try it himself. Gil v. Reed, 381 F.3d 649, 656 (7th Cir. 2004) (citing Farmer v. Haas, 990 F.2d 319, 322 (7th Cir. 1993)); see also Jackson v. County of McLean,

953 F.2d 1070, 1072 (7th Cir. 1992) (stating that court should consider (1) the merits of the indigent's claim for relief; (2) the ability of the indigent plaintiff to investigate crucial facts unaided by counsel; (3) whether the nature of the evidence indicates that the truth will more likely be exposed where both sides are represented by counsel; (4) the capability of the indigent to present the case; and (5) the complexity of the legal issues raised by the complaint).

This is an action seeking judicial review of the decision of an Administrative Law Judge (ALJ) denying plaintiff's application for SSI benefits. The court's review in such cases is generally limited to determining whether the ALJ's decision is supported by "substantial evidence" in the record and based on the proper legal criteria. Scheck v. Barnhart, 357 F.3d 697, 699 (7th Cir. 2004). The court also analyzes the ALJ's decision and the record to ensure that she adequately considered the evidence, Brindisi v. Barnhart, 315 F.3d 783, 786 (7th Cir. 2003), built an accurate and logical bridge between the evidence and the result, Sarchet v. Chater, 78 F.3d 305, 307 (7th Cir. 1996), and fulfilled her duty to develop the record, Flener v. Barnhart, 361 F.3d 442, 448 (7th Cir. 2004).

Plaintiff's submissions demonstrate that he understands the applicable legal standards and is able to explain his position. The complaint alleges that the ALJ's decision was not supported by substantial evidence and did not follow the correct legal standards. It further alleges that the ALJ disrupted and improperly terminated testimony, and refused to accept additional medical records tendered prior to the decision. If true, this could constitute a violation of the ALJ's duty to develop the record. In the instant motion, plaintiff further states that the ALJ failed to obtain an updated psychiatric exam. In some instances, the ALJ may be required to consult medical advisors if the record is incomplete. Id. I cannot

2

determine whether plaintiff's appeal has merit at this early stage; however, it is clear from his papers that plaintiff is able to spot relevant issues and coherently explain them. Further, it does not appear that the issues are at all complex.

Plaintiff states that he has only a 10th grade education and lacks the ability to investigate crucial facts. However, his papers reveal that he is able to communicate clearly, and in social security appeals the evidence before the court is generally limited to the administrative record.[1] See, e.g., Luna v. Shalala, 22 F.3d 687, 689 (7th Cir. 1994); Eads v. Sec'y of Health & Human Servs., 983 F.2d 815, 817 (7th Cir. 1993). Therefore, it is unlikely any additional investigation is needed or "that the truth will more likely be exposed where both sides are represented by counsel." McLean, 953 F.2d at 1072.

**THEREFORE, IT IS ORDERED** that plaintiff's renewed motion for appointment of counsel (Docket # 14) is **DENIED.**

I will extend the briefing schedule one more time. Plaintiff's brief will now be due on **August 22, 2005**, the Commissioner's response brief on **September 22, 2005**, and plaintiff's reply brief on **October 7, 2005**.

Dated at Milwaukee, Wisconsin this 21st day of July, 2005.

/s Lynn Adelman

_____
LYNN ADELMAN
District Judge

---

[1]That plaintiff may have had a friend or relative help him draft his papers does not change the analysis. Plaintiff is able to present his case without a court-appointed lawyer.

3